# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

| | |
|---|---|
| **SANDRA E. HOPE-EL,** *et al.*, | Case No.: CV 19-09968-CJC(JCx) |
| Plaintiffs, | |
| v. | **ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |
| **RUSSELL GONZALEZ,** *et al.*, | |
| Defendants. | |

On November 21, 2017, Plaintiff Sandra E. Hope-EL filed this over ninety-page complaint against Defendants Russel Gonzalez, Kayla Gonzalez, and Mercury Insurance Company/Travelers, seeking $5.6 billion for damages relating to an April 29, 2014 "water leak/flood" from an upstairs unit owned by Defendants Russel and Kayla Gonzalez into the downstairs unit owned by Plaintiff's mother, which she left to her four children. (Dkt. 1.) Plaintiff filed a similar case related to the flood in Los Angeles Superior Court on September 12, 2016, which has been actively litigated for three years. *See* Sandra Hope v. Russell Gonzalez and Kayla Gonzalez, Case No. TC028557.

On November 20, 2019, Plaintiff filed in the state court case a document titled "Objection (To Ruling of October 17,2019; Plaintiff Intent to Transfer Case to a federal District Court for Lack of Subject Matter Jurisdiction." Plaintiff's complaint states, "This case is a transfer from a state court because of lack of subject matter jurisdiction 28 U.S.C. § 1339; 16 US CODE § 2412 Existing treaties." (Dkt. 1 at 1.) It is apparent from the face of Plaintiff's complaint that this Court lacks subject matter jurisdiction over this frivolous complaint. The Court thus *sua sponte* **DISMISSES** Plaintiff's complaint for lack of subject matter jurisdiction.

A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Under the "well-pleaded complaint rule," federal question jurisdiction is present only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This occurs when the well-pleaded complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983).

Here, Plaintiff asserts federal question jurisdiction (Dkt. 1 at 91 [Civil Cover Sheet]), but no federal question is presented on the face of Plaintiff's complaint. Her citation to the Contracts Clause of the United States Constitution and other federal statutes is frivolous. For example, Plaintiff asserts a claim for property damage under 10 U.S.C. § 2737. (Dkt. 1 at 2.) But that statute relates to property damage caused by government actors, and is clearly not applicable here. Nor is there any possible basis for a racketeering claim under 18 U.S.C § 1961 *et seq.* (*See* Dkt. 1 at 3.)

Although the Court is sympathetic that the flood may have caused Plaintiff and her family hardship, this Court has no jurisdiction over her claims. Because the Court lacks subject matter jurisdiction, the case is hereby **DISMISSED WITHOUT PREJUDICE** to ongoing litigation in state court.

DATED:	December 5, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE